# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| Karim Azero,<br><br>    Plaintiff,<br><br>v.<br><br>Pennsylvania Higher Education Assistance Agency dba FedLoan Servicing; and<br>Equifax Information Services, LLC,<br><br>    Defendants. | § § § § § § § § § § § § § § § | Case No. 4:23-cv-235 |

# COMPLAINT

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is an individual residing in Collin, Texas.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Pennsylvania Higher Education Assistance Agency dba FedLoan Servicing ("FLS") is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Equifax Information Services, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

8. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff had two federal student loans serviced by FLS with disbursement dates of August 18, 2017, and August 29, 2016.

10. In or about December 2021, Plaintiff paid off these student loans in full.

11. After the payoff of these accounts, the loans had a zero balance and there was nothing further due or owing as of March 2022.

12. In or around August 2022, Plaintiff checked his credit reports and noticed that FLS was reporting inaccurate information regarding the accounts.

13. Specifically, FLS reported that the accounts were still due and owing in the amounts of $5,821, and $7,164.

14. The false information regarding the account appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

15. Equifax published the false information regarding the account to third parties.

**WRITTEN DISPUTE**

16. On or about February 13, 2023, Plaintiff sent a written letter to Equifax disputing the inaccurate information regarding the accounts reporting on Plaintiff's consumer report, and requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

17. Upon information and belief, Equifax forwarded Plaintiff's dispute to FLS for reinvestigation.

18. Upon information and belief, FLS received notification of Plaintiff's dispute from Equifax.

19. FLS failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

20. Equifax failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

21. FLS failed to instruct Equifax to correct the false information reporting on Plaintiff's consumer report.

22. Equifax employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

23. Equifax employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

24. At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

## COUNT I – FLS

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

25. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

26. After receiving Plaintiff's dispute, FLS failed to correct the false information regarding the account reporting on Plaintiff's consumer reports.

27. FLS violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

28. As a result of this conduct, action, and inaction of FLS, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

29. FLS's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

30. In the alternative, FLS was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

31. Plaintiff is entitled to recover costs and attorneys' fees from FLS pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II – Equifax

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

32. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

33. After receiving Plaintiff's dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

34. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

35. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

36. The conduct, action, and inaction of Equifax was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

37. In the alternative, Equifax was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

38. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## C<span/>OUNT III – Equifax

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

39. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

40. After receiving Plaintiff's dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

41. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

42. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

43. The conduct, action, and inaction of Equifax was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

44. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

45. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: March 22, 2023

>/s/ Joseph Panvini
>Joseph Panvini
>McCarthy Law, PLC
>4250 North Drinkwater Blvd, Suite 320
>Scottsdale, AZ  85251
>Telephone: (602) 612-5016
>Fax: (602) 218-4447
>joe.panvini@mccarthylawyer.com
>Attorney for Plaintiff